## Adams Express Company v. Commonwealth.

(Decided January 16, 1919.)

Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Actions for Penalties—Carrying Into Prohibited Territory—Record.—Where in a penal action brought by

the Commonwealth to recover of a carrier a fine for violating the provisions of subsection 3, section 2569b, Kentucky Statutes, the offense alleged in the petition is that the carrier received and unlawfully delivered a certain package of intoxicating liquor to the consignee, "without entering or causing to be entered upon a separate book kept for that purpose, truthful statements of the amount and kind of liquor received, the name and address of the consignor, the name and address of the consignee, the purpose for which said liquor was intended to be used as stated on the outside of the package containing such liquor, the date when received, the date when delivered, and by whom and to whom delivered," the facts thus alleged properly stated an offense under the statute; hence the action of the trial court in overruling a general demurrer to the petition was not error.

2. Intoxicating Liquors—Carrying Into Prohibited Territory—Record. —As on the trial there was evidence conducing to prove that the carrier's agent delivered to the consignee a package of liquor without entering in the book kept for that purpose, the quantity or kind of liquor delivered, or the date of such delivery, the case was properly allowed to go to the jury and their verdict finding the carrier guilty was authorized by the evidence.

3. Intoxicating Liquors—Carrying Into Prohibited Territory.—Where it is charged in the petition or indictment that the carrier in a single delivery of intoxicating liquor in prohibited territory, violated all, or part or only one, of the provisions of the statute, proof of its violation of any number, or only one, of the provisions alleged to have been violated, would constitute the offense denounced by the statute and subject the carrier to the penalty prescribed therefor. But whether all, several or only one of the provisions of the statute is disobeyed in a single delivery of such liquors, it will constitute but one offense growing out of the one delivery.

LAWRENCE MAXWELL, JOSEPH S. GRAYDON and ZEB A. STEWART for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this penal action, brought in the Harlan circuit court, the appellee, Commonwealth of Kentucky, recovered of the appellant, Adams Express Co., a verdict and judgment of $75.00, by way of a fine for its alleged violation of section 2569b, subsection 3, Kentucky Statutes. The express company insists that the conviction was unauthorized, and by this appeal urges the reversal of the judgment on the grounds: First, that the petition does not state a cause of action, viz.: an offense under the

statute. Second, that the trial court erred in instructing the jury. Third, that the verdict of the jury is unsupported by and flagrantly against the evidence. The first of the above grounds of complaint was presented in the court below by a general demurrer filed by appellant to the petition, which that court overruled.

Subsection 3, section 2569b, Kentucky Statutes, provides, that all carriers shall keep at each office and territory within which the sale of intoxicating liquors is prohibited by law, ''a separate book in which shall be entered immediately upon receipt thereof, truthful statements of the amount and kind of liquor received, the name and address of the consignor, the name and address of the consignee, the purpose for which said liquor is intended to be used, as stated upon the outside of the package containing such liquor; the date when received, the date when delivered, and by and to whom delivered; after which record shall be a blank space in which the consignee, by himself or his agent, shall be required to sign his true name before such liquors are delivered to such consignee or his agent, which book shall be opened to public inspection at any time during the business hours of said company. Such book shall constitute *prima facie* evidence as to the facts therein stated and be admissible as evidence in any court in this state. . . . Any railroad express or other transportation company, or any employee or agent thereof who fails, neglects or refuses to comply with the provisions of this section, or who makes or causes to be made, any false entry in said book, shall be deemed guilty of a misdemeanor, and for each offense shall be punished by a fine of not less than $50.00, nor more than $200.00, or imprisonment in the county jail not less than thirty days nor more than six months, or both such fine and imprisonment, in the discretion of the jury.''

The petition, after setting forth the facts, that the sale of intoxicating liquors in Harlan county is prohibited by law, the receipt by appellant at its local office in the town of Harlan, in Harlan county, of a package of liquor, shipped from Lebanon, Ky., and its delivery by appellant to the consignee, Tom Howard, then alleges that appellant ''unlawfully delivered said liquor to the said consignee or his agent, . . . without entering or causing to be entered upon a separate book kept for that purpose, truthful statements of the amount and the kind of

liquor received, the name and address of the consignor, the name and address of the consignee, the purpose for which said liquor was intended to be used as stated upon the outside of the package containing such liquor, the date when received, the date when delivered, and by whom and to whom delivered."

The averments of the petition clearly charge a violation by the appellant of subsection 3 of the statute, *supra*, in the several particulars mentioned. It does not, as claimed by appellant, charge more than one offense. The offense charged is a violation of the statute resulting from appellant's disobedience of certain of its provisions growing out of the single transaction set forth, viz.: the receipt and delivery by it to Howard of the package of liquor transported by it as carrier from Lebanon to Harlan. The offense denounced by section 3 would be as completely established by proof of the carrier's disobedience of any number of the requirements of the section less than the whole, or of any one of them, as by its disobedience of all of them. But whether all, a part, or only one of these requirements is disobeyed by the carrier in a single delivery of liquor to the single consignee, it will and does constitute but a single offense under the statute. Manifestly, if in a penal action or indictment against the carrier for a violation of one of the provisions of the section in question or of a specified number of them short of the whole, committed in a single delivery of liquor to the consignee, the conviction or acquittal of the defendant results, such carrier could not in another penal action or under another indictment growing out of the same delivery of liquor, be convicted of a violation of other provisions of the section than those for which he was tried in the prosecution first disposed of. The judgment in the first prosecution would bar a conviction in the second. Criminal Code 126; Nickols v. Commonwealth, 78 Ky. 180; Fisher v. Commonwealth, First Bush 212. It is apparent from what has been said that the petition does not contain a misjoinder of offenses, or set forth more than one offense; hence the action of the circuit court in overruling the demurrer to the petition was not error.

The complaint of instruction No. 1, made by the second contention of appellant, can not be sustained. The complaint is based on the erroneous assumption that more than one offense is stated in the petition, and that the use of the disjunctive "or" in the instruction author-

ized the jury to find appellant guilty of any one or all of three offenses, whereas, it is insisted, the question whether it was guilty of one of the offenses is the only one that should have been submitted to the decision of the jury, if there were any evidence conducing to show such guilt. It is insisted, however, that the evidence fails to show appellant guilty of any offense, for which reason the jury should have been peremptorily instructed to return a verdict of acquittal. Unless counsel for appellant are within the record in asserting that there was no evidence upon which to predicate the instruction, the jury were properly advised by it of the law of the case. As the offense charged in the petition might have been committed in several ways, it correctly told them in substance that they should find appellant guilty if they believed from the evidence beyond a reasonable doubt that it delivered the package of liquor to the consignee without entering or causing to be entered upon a separate book kept for that purpose, truthful statements of the amount and kind of liquor received as stated upon the outside of the package containing such liquor, or the date when received, or by whom and to whom delivered. If any one or more of the entries mentioned were not made in the book kept by appellant for that purpose it was amenable to the fine prescribed by the statute.

Appellant's third contention, that the evidence fails to show its non-compliance with the requirements of the statute in the particulars alleged in the petition, is not supported by the record. Only two witnesses testified in the case, W. J. Wilson and W. L. Ward, the former being the agent of appellant at Harlan, and the latter his assistant or clerk. Both testified that the delivery of the package of liquor in question was made to the consignee, Howard, by Ward, and that he also made such entries regarding the delivery as appear in the book kept by appellant for that purpose. According to their further testimony there was entered in the book statements showing that a "Pa. Liq.," meaning package of liquor, was received from the "Leb. Liq. Co.," meaning the Lebanon Liquor Co., and the further entries show Tom Howard to be the consignee, and Harlan the place of delivery, and that the name Harlan was not written, but was indicated by ditto marks made in the column under that name as the place of delivery of a different package of liquor previously shipped from the same consignor to a

consignee other than Howard. Both witnesses admitted that the quantity and kind of liquor consigned to Howard was stated on the package containing it, but that there are no entries in the book showing the quantity or kind of liquor delivered by appellant to Howard or the date of such delivery. Ward testified, however, that there was on the book of appellant an entry showing that two quarts contained in the package consigned to Tom Howard by the Lebanon Liquor Co. had been broken.

So if it be conceded that the abbreviations and ditto marks mentioned constitute such entries as sufficiently show the name of the consignor of the liquor, the name of the consignee, and place of delivery, it is apparent from the evidence that the book of appellant contains no entries showing the quantity or kind of liquor received and delivered, or the date of the delivery. There was therefore evidence which conduced to prove appellant's violation of the statute in the two particulars last mentioned. This being true appellant was not entitled to the peremptory instruction asked by it; nor was there any error committed by the court in submitting the case to the jury.

The record furnishes no cause for disturbing the verdict of the jury, wherefore the judgment is affirmed.