## Gregory v. Commonwealth.

February 15, 1949.

Meredith, Iler & Logan for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

The appellant, Elwyn Gregory, was found guilty of grand larceny and his punishment fixed at one year in the state penitentiary. The indictment charged appellant with the offense of stealing an automobile of Owen Gray.

At the trial, Gray, 39 years of age, residing in Central City, stated that he owned a 1946 Dodge automobile worth around $1,600; that "he had left the car out in front of the house. I couldn't get in the driveway. * * *

Around three o'clock in the morning * * * I woke up and I heard a noise out front and I looked out the window and saw the car shoving away from the house and I yelled * * * as the car was shoving away. * * * I keep a shotgun sitting in the stairway. I grabbed this shotgun and threw the door open and turned on * * * the porch light and holloed out, and by that time the car was down under the stop light, and I saw the door on the far side from me when it come open and the fellow got out and run across in front of the Coca-Cola Plant. I ran out on the street and stopped him, and the car went on down by the Coca-Cola Plant.''

Gray stated that he lived on a down grade; that the grade was steep there; that when he "holloed" he saw a man get out of the automobile; that he ran down to the corner, stopped him and caught him; that it was the appellant Gregory; that the defendant took his car without his permission or consent; that he saw the defendant get out of the car and knows that he is the one who got out of the car; that the light at the intersection near where Gregory jumped out of the car was burning; that from his house to the point where the car stopped was about 100 yards; that when he turned on the light and opened the door and "holloed" the fellow in the car threw the door open and jumped out and left the car rolling; that about 11 o'clock that night he had parked his car with the front wheels against the curb about thirty feet from his house so that the car would stay there; that he didn't lose sight of appellant from the time he got out of the car until the time he caught him. Gray also saw another man further away but not in or about the car. He does not know who he was.

The defendant denied being the man who got out of Gray's automobile. He stated that he lived at Browder; that he was in Central City to see the carnival; that he was waiting in the neighborhood for a friend who had an automobile to take him home; that his friend was with a girl; that he, at about 3:10 a. m., had started back to a nearby restaurant to wait until his friend had taken the girl home. He admitted that he had served a term in the penitentiary.

In a similar case, Hamm v. Commonwealth, 270 Ky. 574, 110 S.W.2d 305, 306, the appellant was charged with

grand larceny—theft of an automobile. There, as here, the evidence was conflicting. In that case we said:

"Without stating further details of the evidence it is sufficient to say that it was conflicting. Had the jury seen fit to believe appellant and his witnesses, he was entitled to an acquittal. However, we have evidence of the witness Wash, who testified positively that he saw appellant get out of the wrecked car and saw no one else in or about the car.

"It is seen that there is proof that appellant was in possession of the stolen automobile. This court has repeatedly held that a conviction will be sustained upon proof that a person charged with larceny was found in possession of the stolen property. Davis v. Commonwealth, 191 Ky. 242, 243, 229 S.W. 1029; Jacobs v. Commonwealth, 260 Ky. 142, 84 S.W.2d 1, 2."

In Jacobs v. Commonwealth, supra [260 Ky. 142, 84 S.W.2d], we said:

"The rule is that possession of stolen property shortly after the theft is not only presumptive evidence of guilt casting upon the accused the burden of showing his innocence by explaining his possession to the satisfaction of the jury, but is of itself sufficient to sustain conviction for larceny."

The credibility of the witnesses was for the jury. The jury believed the witnesses for the Commonwealth. The evidence was sufficient to sustain the verdict.

The judgment of the lower court is affirmed.