Case 37—INDICTMENT—November 18.

# Nichols v. The Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. If several articles, each belonging to a different person, be stolen at·
   the same time, but one offense has been committed.
2. Two parcels of property, taken from places two hundred yards apart,
   although taken the same night by the same person—held not to have·
   been taken at the same time, and each act is a separate offense.

MESSRS. MORTON & PARKER FOR APPELLANT.

1. It is clearly shown that the property was not jointly owned by the.
   persons from whom it was stolen, but each owned a part of it.   The
   offense is not proved as it is charged in the indictment.   (Crim.
   Code, sec. 128.)
2. The taking from Brooks was a distinct offense, and the court erred in
   refusing so to instruct the jury.

P. W HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The stealing of the property is one and the same act, although a part
   was a short distance from the other.   In contemplation of law it is.
   one theft.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

This indictment for larceny charged that the appellants.
did feloniously take and carry away and steal twenty-one
chickens and seven geese, the personal property of Mrs.
John Thorns, Larkin Grigsby, and Eli Brooks, of the value
of more than ten dollars.

The evidence conduced to prove that the property men-
tioned in the indictment was stolen by the appellants, and
showed conclusively that a portion of it belonged to each of

Nichols v. The Commonwealth.

the persons named in the indictment as owners, but that no part of it was owned by them jointly. The evidence also conduced to prove that the value of all the property did not exceed twelve dollars; that the portions owned by Mrs. Thorns and Grigsby were taken from the same place, but that such of it as belonged to Brooks was taken from a place at least two hundred yards from the place from which the other was taken, but on the same plantation. It was all stolen the same night, and brought from the country into the city of Lexington. There is nothing in the bill of exceptions conducing to show the value of that part of the poultry belonging to Brooks, nor is there anything from which the jury could have been enabled to fix its value.

The defendants asked the court to instruct the jury to find them not guilty, but the motion was denied.

They then asked the court to instruct that if a portion of the property belonged to each of the persons named in the indictment, and none of it belonged to them jointly, the defendants should be acquitted, and that if any part of the property was taken from a different place and at a different time from that at which the residue was taken, though taken on the same night and from the same plantation, the jury should not, in fixing the value of the property found to have been stolen, add together the value of the different parcels so found to have been taken from different places and at different times; but the court refused to so instruct.

Larceny is an offense against the public, and the offense is the same whether the property stolen belongs to one person or to several jointly, or to several persons, each owning distinct parcels. If a flock of sheep of which A owns five, B five, and C five be feloniously asported by one and the same act, there are three trespasses but only one larceny.

Each proprietor of a portion of the stolen sheep has sustained a civil injury, and may, indeed must, sue separately for the wrong suffered by him; but the public has sustained but one wrong, and cannot maintain more than one prosecution, and if it attempt to do so, the judgment in the case first tried may be pleaded in bar of the remaining prosecutions.    (Fisher v. Commonwealth, 1 Bush, 212.)

It was therefore proper the jury should, in determining the value of the property, in order to ascertain the grade of the offense, include in the estimate all the property stolen at the same time, whether it belonged to one or to several persons.

The property of Brooks was taken from a place two hundred yards from the place where that of Thorns and Grigsby was taken, and all was stolen and brought, during the same night, to Lexington; but can it be said that the property of all three was taken at the same time and by the same act? It seems to us this question must be answered in the negative. As we have already seen, if several articles, each belonging to a different person, be stolen at the same time, but one offense is committed, and, *a priori*, if several articles be stolen at different times, each theft constitutes a distinct and complete offense, and must be prosecuted separately.   The fowls belonging to Thorns and Grigsby were taken from the same place, and although they were no doubt taken one by one into the possession of the thieves, the taking of all constituted in law but one act.   But the fowls of Brooks were taken from another place, and belonged to a different person, and the act of taking them was as distinct from the act of taking the others as if the distance separating the two places had been two miles; and although there was probably only a short interval of time between the two, they are nev-

ertheless as distinct in point of time as if one act had been committed on one night and the other on another.

If the fact that the indictment charged two offenses had appeared upon its face, a demurrer would have been fatal, unless the indictment had been dismissed before the demurrer was acted on; and as the fact first appeared from the evidence, the motion to instruct the jury to find the defendants not guilty should have been sustained, unless the indictment had been dismissed as to one of the offenses.

Judgment reversed, and cause remanded for further proper proceedings.