## Davis v. Commonwealth.

(Decided April 19, 1921.)

# Appeal from Kenton Circuit Court (Criminal, Common Law and Equity Division).

1. Larceny—Circumstantial Evidence—Burden of Proof.—Larceny may be shown by circumstantial evidence, and the unexplained possession of stolen goods, or a part of them, a short time after they were stolen, is presumptive evidence of guilt, and such possession at such time shifts to the defendant the burden of explaining same.

2. Larceny—Joint Indictment for—Evidence.—Where two or more were jointly indicted for larceny of goods, if on a separate trial of one of them the evidence showed that all of the property was taken at the same time, it was competent for the Commonwealth to show in whose possession different articles of the stolen property were found.

3. Larceny—Value of Property—Instructions.—The evidence showing without contradiction that the value of the stolen articles was about $400, and that they were all stolen at the same time, it was unnecessary to incorporate in an instruction the qualification that the property should be of greater value than $20.

4. Larceny—Value of Property—Evidence.—The whole evidence showing that the value of the stolen property was in excess of $20, there was no necessity for an instruction on petit larceny.

5. Criminal Law—Argument of Counsel.—The statement by an attorney for the Commonwealth in his argument, that the evidence for the Commonwealth had not been explained, is not a reference to nor a comment upon the fact that the defendant has not testified.

6. Criminal Law—Failure of Defendant to Testify—Statute Prohibiting Comment Upon.—The statute prohibiting a reference to or comment upon the fact that a defendant has not testified, was enacted to protect the defendant on trial from any presumption that might be created against him because of such failure, but was not intended to prevent comment upon the fact that the defendant had not caused to be introduced in his behalf another witness who was shown by other evidence to have had knowledge of the transaction involved and who was present at the trial.

JOHN T. MURPHY for appellant.

CHAS. I. DAWSON, Attorney General; THOS. B. McGREGOR, Assistant Attorney General, and STEPHENS L. BLAKELY, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In October, 1920, the appellant and one J. W. Knipper, alias Roy Baker, were jointly indicted in the Kenton circuit court charged with grand larceny. Appellant on his separate trial was found guilty and sentenced to imprisonment for two years, and from that judgment he has appealed.

On the night of the 11th of August, 1920, the dry cleaning establishment of H. Gatman in Covington was broken into and there were taken therefrom 14 suits of clothes, 4 pairs of pants, 1 vest and 1 overcoat belonging to numerous parties who had left them with Gatman to be repaired and cleaned. Gatman discovered early the next morning that the house had been entered and the clothes stolen, and it is apparent throughout the evidence that they were all taken at the same time.

On August 13th part of the clothing which had been taken from Gatman's place was either sold to or pawned with certain second-hand dealers or pawnbrokers in the city of Cincinnati where it was subsequently located and positively identified as part of the stolen goods. In at least two instances the clothing so sold or pawned was by a man giving the name of James or James B. Davis, whose general description fits appellant. In at least one instance there was issued on the 13th of August by a pawnbroker a certificate or pawn ticket which was subsequently found in the possession either of appellant or Knipper, and which is positively identified by the broker as the pawn ticket issued by him to a man giving the name of Davis on that date, and the number upon which ticket corresponds with the number shown by the books of the pawnbroker; and although the pawnbroker in question does not positively identify appellant as the man, yet his evidence in substance is that appellant has the same general appearance and that, in his best judgment, he is the same man.

Appellant and Knipper, alias Baker, were on the 18th of August arrested at Greenfield, Ind., and there were taken from them a lot of keys described as skeleton keys, a picture, and a pawn ticket issued by the broker above referred to on the 13th day of August, and there is evidence that appellant admitted while in custody in Indiana that the pawn ticket represented a suit of clothes which he had a few days before pawned in Cincinnati but claimed at the same time that he had since redeemed it. At the time of the arrest Knipper or Baker was wearing a

suit of clothes which was subsequently identified and which the evidence upon appellant's trial showed positively was one of the suits of clothes taken from Gatman's place.

There was other evidence by other pawnbrokers or second-hand men, in whose possession part of the clothing was found, tending to identify appellant as the man who had sold or left the clothing with them on the 13th of August, but there was no positive identification by them.

The evidence showed without contradiction that the total value of all the property taken from Gatman's place was in the neighborhood of $400.

That larceny may be shown by circumstantial evidence, and that the unexplained possession of stolen goods, or even a part of them, a short time after they were stolen, is presumptive evidence of guilt, is well recognized. Rogers v. Com., 188 Ky. 817. And such possession at such time shifts to the defendant, the burden of showing his innocence by explaining his possession.

The evidence of identity in this case, while not conclusive, authorized the submission of that question to the jury. While no witness positively identified him as the person who sold or pledged any of the stolen goods, yet it is shown that one giving his name and having the same general appearance was in possession of part of the stolen goods two days after they were stolen and did sell or pledge them, and this evidence, taken in connection with the fact that there was found in his possession or that of Knipper the pawn ticket which the pawnbroker identifies positively as the ticket which he issued to a man named Davis on the 13th of August, authorized the jury to reach the conclusion that he was that identical man.

It is urged that the court erred in permitting the Commonwealth to show against appellant that Knipper who was arrested and jointly indicted with appellant was at the time of his arrest wearing a suit of the stolen clothes. The argument is that before such evidence may be introduced against appellant his possession of the stolen goods must have been exclusive, and that the possession of his companion is not such possession as warrants a presumption of guilt.

The precise question was passed upon by this court in the case of Branson v. Com., 92 Ky. 330. There Branson, his son, and son-in-law were jointly indicted and on a separate trial of one of them the court held that as all the

property was taken at the same time it was competent to show in whose possession different articles of it were found. See also note to State v. Drew, 101 A. S. R. 520.

Appellant's counsel also complains of the instructions for two reasons; first, because the court failed to follow the language of the statute as to the value of the stolen property; and, second, because the court failed to instruct as to petit larceny.

There was no contrariety in the evidence as to the value of the stolen property; the whole evidence without contradiction showed it to be in the neighborhood of $400, and that it was all stolen at the same time, and we therefore fail to see the necessity of the court incorporating in its instruction a qualification that the property should have been of greater value than $20. It is likewise apparent that there was no evidence in the record upon which to base an instruction on petit larceny.

Our recitation of the evidence introduced by the Commonwealth, which is wholly unexplained by the defense, would seem to be a sufficient response to the contention that a directed verdict of not guilty should have been given by the court as asked by appellant. The question of identity of appellant was the only real question of fact in the case, and we have already seen that there was sufficient evidence to authorize its submission to the jury.

The bill of exceptions shows that the attorney for the Commonwealth in his argument used the following language:

"There is evidence in this case presented by the Commonwealth which was not explained by the defense. That J. W. Knipper, who was jointly indicted with this defendant and a friend of this defendant, failed to take the witness stand and explain why he had on his back a suit of clothes which was stolen from Gatman's store in Covington."

A statement by an attorney, that the evidence for the Commonwealth had not been explained has been held by this court not to be a reference to or comment upon the fact that a defendant had not testified, and, is not therefore in violation of our statute prohibiting such reference or comment. Farley v. Com., 165 Ky. 600.

But it is argued that the reference to the fact that Knipper, who had been jointly indicted with appellant and was a friend of his, and was present in court during the trial, failed to take the stand at a witness, was a refer-

ence to and comment upon the fact that neither appellant nor Knipper had testified. An examination of the statute, however, will disclose that its purpose was to protect the defendant on trial from any such comment and from any presumption that might be created against him because of such failure; but there is nothing in it which was intended to prevent comment upon the fact that a defendant had not caused to be introduced a witness in his behalf who was shown to have been connected with the subject-matter and who was present at the trial. Although Knipper and appellant were jointly indicted for the larceny, appellant had demanded a separate trial and was having such separate trial, just such a trial as he would have been entitled to if he had been indicted alone, and there seems no sound reason why the Commonwealth may not on the trial of a defendant comment upon his failure to introduce a witness who was available for that purpose and who is shown by the other evidence to have knowledge of the transaction involved.

A careful examination of the record discloses no prejudicial error and the judgment is affirmed.