## Jacobs et al. v. Commonwealth.

(Decided June 18, 1935.)

J. R. LAYMAN and ASHCRAFT & MORGAN for appellants.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Alvey Jacobs and Will Jacobs and one Henry Greer, alias Henry Gunterman, were jointly indicted for larceny. Greer was never apprehended. On their

trial the two Jacobs were convicted and their punishment fixed at imprisonment in the penitentiary for a year and a day. They appeal.

The principal ground urged for reversal is that the evidence was insufficient either to take the case to the jury or to sustain the verdict. The consideration of these questions will necessitate a review of the evidence. The property stolen consisted of a mower of the value of $60, belonging to D. C. Gray, Jr., some oil cans of the value of $5, belonging to A. S. Haynes, and a pair of scales owned by Mort Brown of the value of $4. This property was in the barn of D. C. Gray on Saturday, April 28, 1934, and its loss was discovered on the following Monday. A search begun at that time revealed the following situation: There were tracks of three different sizes found between the barn and the Ohio river, and for the same distance there was oil along where the tracks were. On the river bank on the Indiana side there were tracks of the same size and number leading from the river up the bank. On the bank of the river were imprints of wheels like those on the mower, and also imprints corresponding to the number and kind of cans. On the bottom of a boat at the river bank there were also imprints of the cans, and on the boat was paint of the same color as the paint on the mower. On the edge of the boat there were marks indicating that something heavy had been dragged on the boat. Some time later another boat having in it the same kind of oil can imprints was found along the river, and, according to one of the witnesses, Will Jacobs said the boat belonged to him, and he was seen to take a key from his pocket and unlock the lock which fastened the boat to the river bank. A few days after the theft the oil cans and scales that had been stolen, together with some harness, were found at the home of Alvey Jacobs. The evidence as to the length of the tracks leading to and from the river is conflicting. Two of the witnesses stated that the tracks were from eight to nine inches long. In the best judgment of one witness the tracks on the Indiana bank were ten, twelve, and fourteen inches in length. Another witness stated that one track appeared about ten inches long, another ten or eleven inches long, and a third a couple of inches smaller. Appellants each denied any connection with the crime, and swore that they were in Indiana between

Saturday and Monday morning. Their alleged alibis were supported by other witnesses. Alvey Jacobs also swore that he purchased the oil cans, scales, and harness from Henry Greer and paid him therefor. In this he was corroborated by other witnesses, though one witness introduced by him says that he never saw the Greer boy sell anything to Mr. Jacobs, except the harness. Will Jacobs denied admitting the ownership of one of the boats or that he had the key to the boat. He further testified that the boat belonged to Henry Gunterman (Henry Greer) and that Gunterman had the key and was the person who claimed to be the owner of the boat. There was further evidence that both appellants bore a good reputation and other evidence to the contrary.

The rule is that possession of stolen property shortly after the theft is not only presumptive evidence of guilt casting upon the accused the burden of showing his innocence by explaining his possession to the satisfaction of the jury, but is of itself sufficient to sustain conviction for larceny. Moore v. Commonwealth, 228 Ky. 643, 15 S. W. (2d) 434; Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029. A part of the stolen goods was found at the home of Alvey Jacobs, and his defense is that he purchased this goods from Henry Greer. Not only was his reputation for truth and veracity assailed, but one of his own witnesses says that Greer sold him only the harness. In view of this situation, it cannot be doubted that the evidence of Alvey Jacobs' guilt was sufficient, not only to take the case to the jury, but to sustain the verdict. McFarland v. Commonwealth, 227 Ky. 411, 13 S. W. (2d) 277.

Another contention. is that the evidence was not sufficient to make out a case of grand larceny. The basis of this contention is that the mowing machine was not found on Alvey Jacobs' premises, and the value of the other articles found there was less than $20. All the circumstances point unerringly to the fact that the same person who stole and carried away the oil cans and scales also stole and carried away the mowing machine, and, as the taking of property from different owners at the same time and the same place is one larceny, Nichols v. Commonwealth, 78 Ky. 180, it cannot be doubted that the possession of a portion of the property is sufficient to sustain a conviction for the

taking of the whole, Davis v. Commonwealth, supra; Phelps v. Commonwealth, 255 Ky. 655, 75 S. W. (2d) 217.

In the case of Will Jacobs an entirely different situation is presented. All that we have against him is that he lived at the home of his father with 13 other children and that some time after the larceny there was discovered on the bottom of a boat which he claimed to own and to which he had the key imprints corresponding to those of the oil cans. This evidence is wholly circumstantial. It does not point with reasonable certainty to the guilt of the accused. At most it excites only suspicion, and suspicion is insufficient to sustain a conviction. Short v. Commonwealth, 251 Ky. 819, 66 S. W. (2d) 33.

On the appeal of Alvey Jacobs the judgment is affirmed. On the appeal of Will Jacobs the judgment is reversed and cause remanded for a new trial not inconsistent with this opinion.