**Ora EVERSOLE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 9, 1956.

William G. Reed, Carrollton, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Ora Eversole and Maurice Raisor were jointly indicted and charged with the crime of grand larceny—the larceny of one coca cola cooler, two thermos jugs, food, a Waltham wristwatch, and a Kodak camera, the personal property of Charles Jack Davis and Jack Latimer. On his trial, Eversole was convicted and his punishment fixed at imprisonment in the penitentiary for one year. He appeals, urging a reversal upon two grounds: (1) The evidence was insufficient either to take the case to the jury or to sustain the verdict. (2) The trial court made a prejudicial statement to the jury while they were engaged in their deliberations.

There was no contrariety in the evidence concerning the value of the property allegedly stolen. The whole evidence showed

all the property together to be worth $69, and that it was all taken at the same time.

An examination of the testimony convinces us that a reversal should not be had upon the first ground. Davis and Latimer, the owners of the property, accompanied by two lady acquaintances, went from Louisville to the Butler State Park in Carroll County to enjoy a day of recreation. When they arrived at the park, they took over a picnic table and placed on it their personal belongings; namely, the cooler, the thermos jugs, the watch, the camera, and the food. They noticed Eversole and Raisor in the park. They then left and went swimming. When they returned, they discovered that the above-mentioned articles of personal property were missing, and witness Bramlett informed Latimer that he had seen the two men go to the table, take therefrom a cooler and two thermos jugs, place the property in an Oldsmobile automobile, and drive away. He gave him the license number of the automobile, which proved to be the property of Raisor. Later both Raisor and Eversole were arrested and identified by Bramlett as the persons he saw go to the table and take the property. Davis and Latimer identified them as persons whom they had seen in the park just before they left their table to go swimming. According to the arresting officer, Eversole denied soon after his arrest that he had been in the park at the time the articles were taken. On the trial of his case he denied telling the officer that he had not been in the park, and testified that, in fact, he was in the park about the time the officer testified he was. The automobile of Raisor was searched after he was arrested, but none of the lost property was found in it.

Appellant testified that he and Raisor had been bailing hay the week preceding the day they went to the park, which was the day the property disappeared. They had with them, while bailing the hay, a coca cola cooler which they had borrowed from a Mr. Yager. They took the cooler, a blanket, and a portable radio with them to the park and put these articles on their table. They left the park about the middle of the afternoon and carried that cooler and the radio to the Oldsmobile car, and neither he nor Raisor took any of the property which the prosecuting witnesses claimed to have lost. During the trial, appellant exhibited to the jury the cooler which he claimed they had borrowed from Yager.

From the résumé of the evidence which we have given, it seems apparent there was sufficient evidence to warrant the jury in believing beyond a reasonable doubt that appellant was guilty of the crime charged, and, as they were the judges of the weight to be given to it, their verdict cannot be disturbed. It follows that a directed verdict of acquittal should not have been given by the court.

The contention is made by appellant that the evidence was not sufficient to make out a case of grand larceny. The basis of this contention is that the proof fails to establish that the value of the personal property was as much as $20, the amount necessary to constitute grand larceny. Bramlett testified that he saw them take only the thermos jugs and the cooler, which together have a value probably less than $20. The appellant argues that there was no proof that he took the watch or camera. However, the circumstances point to the fact that the same person who stole the cooler and thermos jugs also stole the watch and camera, and the value of the four items is far in excess of $20. It is proper for the jury, in order to ascertain whether appellant committed the crime of grand larceny, to include the value of all the property stolen at the same time, if it was stolen, and whether the property belonged to one or several persons. See, Nichols v. Commonwealth, 78 Ky. 180; Weaver v. Commonwealth, 86 S.W. 551, 27 Ky.Law Rep. 743. That the crime of grand larceny, as well as any other crime, is often proved by circumstantial evidence is well recognized. Davis v. Commonwealth, 191 Ky. 242, 229 S.W. 1029.

Coming now to ground (2), we find from the motion and grounds for a new trial that appellant asked for a new trial because the court made the following statement to the jury:

"We had a jury in Boone County once that worked on a case for 24 hours and they made a verdict, and they made a good one too. Go back in the jury room and consider the case further."

The record fails to disclose that any such statement was made by the court, or that an exception was taken to the alleged error, if it was made. We have consistently held that such an error is waived unless an exception is taken to it at the time it was made, excluding an exception to instructions in criminal cases. It is not sufficient to call attention to the alleged error for the first time in a motion for a new trial. Buckles v. Commonwealth, 113 Ky. 795, 68 S.W. 1084; Blanton v. Commonwealth, 147 Ky. 812, 146 S.W. 10; Chism v. Commonwealth, 286 Ky. 314, 150 S.W.2d 694.

Appellant mildly suggests that the trial court erred when it failed to give an instruction on petit larceny. We do not think so. Even if the court did err in that respect, we cannot consider such because of the failure of appellant to point it out in the motion and grounds for a new trial. Thompson v. Commonwealth, 122 Ky. 501, 91 S.W. 701.

The judgment is affirmed.