Johnny Ray DOUGLAS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Jesse Irvin PAYNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

July 3, 1979.

Terrence R. Fitzgerald, Chief Appellate Defender, Daniel T. Goyette, Deputy Public Defender, Louisville, for appellants.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

On December 31, 1977, two armed black males entered the Holiday Inn Southeast in Jefferson County, where they forced three employes to hand over their wallets and emptied the motel cash register. Appellants were jointly tried for these offenses in Jefferson Circuit Court. Johnny Ray Douglas was convicted on four counts of first-degree robbery and sentenced to imprisonment for 40 years. Jesse Irvin Payne was found guilty on four counts of first-degree robbery and one count of being a second-degree persistent felony offender and sentenced to 60 years' imprisonment.

We will begin by discussing the common assignments of error raised by appellants. First, they submit that the refusal of the trial court to give the requested instruction on the presumption of innocence constituted a denial of due process of law. We have examined the evidence and the arguments of trial counsel, and we conclude that the failure to give this instruction,

viewed in the totality of the circumstances, did not deprive appellants of due process of law. *Kentucky v. Whorton*, —— U.S. ——, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979).

Appellants next contend that the trial court's instruction defining reasonable doubt deprived them of due process of law. The instruction complained of is substantially the same as that given in *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), and we decline to hold it unconstitutional until the Supreme Court of the United States sees fit to do so.

Thirdly, appellants allege that the trial court committed error by telling the sheriff, in the presence of the jury, that appellants (who were free on bail prior to trial) should consider themselves in custody and by later allowing appellants to be escorted into the courtroom by the sheriff. Appellants argue that they were portrayed as prisoners "in the toils of the law" and were therefore denied a fair trial. We, however, agree with the trial court that "it would be impossible as a practical matter to conduct a trial without the jury seeing some sign that the defendants are not entirely free to come and go as they please." The custody here was minimal, and no error was committed.

The final assignment of error raised by both appellants is that it was improper to permit convictions on separate counts for robbery of the Holiday Inn and robbery of Joseph Gnau. We disagree. Appellants forced Gnau at gunpoint to surrender his wallet, then ordered him to accompany Douglas to another room to open the motel cash register. Under KRS 515.020, a person is guilty of first-degree robbery when he is armed with a deadly weapon and threatens the use of deadly force upon another person while in the course of committing theft. The taking of Gnau's wallet and the taking of the motel's money clearly constituted two separate thefts. The fact that the same person was threatened during the commission of each theft in no way merges the two offenses into a single robbery. The trial court properly submitted both counts

of robbery to the jury. *Van Dyke v. Commonwealth*, Ky., 581 S.W.2d 563 (1979).

The remaining issues are raised by Douglas only and relate to certain statements allegedly made by him while in police custody following his arrest. Officer Chism advised appellants of their rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), upon their arrival at police headquarters. Appellants indicated that they did not want to make a statement at that time. Approximately ten minutes later Officer LaFollette, who was present when appellants invoked their right to remain silent, asked for the location of the victims' missing wallets. Payne replied that he didn't know and Douglas said nothing. Officer LaFollette turned away, at which point Douglas stated where the wallets could be (and later were) found. Douglas contends that the admission of this statement, elicited after he had invoked his right to remain silent, violated his privilege against self-incrimination. We are of the opinion that the trial court correctly ruled that Douglas' statement was admissible. *Miranda* cannot "be read to create a *per se* proscription of indefinite duration upon any further questioning by any police officer on any subject once the person in custody has indicated a desire to remain silent." *Michigan v. Mosley*, 423 U.S. 96, 102–03, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). In the case at bar Douglas, who was fully aware of his right to remain silent, changed his mind and volunteered the information as Officer LaFollette turned to leave. This is simply not the type of situation that *Miranda* prohibits.

Douglas later told Officer LaFollette that he worked during the day but that at night he stole. He submits that this was evidence of irrelevant collateral crimes and that the trial court erred in admitting it. Douglas' trial counsel conceded, however, that this statement was relevant, and only objected that its prejudicial effect outweighed the probative value. We agree with the trial court that this evidence was

relevant,[1] and in view of the overwhelming evidence in this case we cannot say its admission prejudiced Douglas' substantial rights.

The judgments are affirmed.

All concur.

1. We are of the opinion, however, that the statement was relevant to prove a common scheme or plan rather than to show intent or knowledge.