William Eugene FAIR a/k/a Bill Slone, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

July 6, 1983.

Jack Emory Farley, Public Advocate, Marie Allison, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

AKER, Justice.

The appellant, William Eugene Fair, was convicted in Perry Circuit Court of second-degree escape, first-degree burglary, and three counts of theft by unlawful taking. The appellant appeals his convictions to this court as a matter of right. We reverse the convictions for theft by unlawful taking and affirm the remainder of the judgment of the Perry Circuit Court.

The appellant advances two assignments of error which we will review in this opinion.

The first issue to be discussed concerns the trial court's failure to suppress statements made by the appellant allegedly in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. The appellant advances three factual reasons for his conclusion that the interrogation was illegal: (1) appellant was represented by counsel at the time of the interrogation; (2) the interrogating officer did not clearly inform the appellant of his right to have counsel present when questioned; and (3) the appellant did not waive his rights, but instead asserted his right to remain silent.

Concerning the appellant's first factual basis for his argument, it is clear that the appellant was indeed represented by counsel at the time of the interrogation. However, it is equally clear that the appellant was represented by counsel for a separate charge from that for which he was arrested. He was arrested pursuant to a warrant for theft by unlawful taking; he was represented by counsel for the charge for which he was being held at the time of his escape. The charges are separate and unrelated for purposes of determining the legality of the interrogation.

The appellant also alleges that the interrogating officer did not clearly inform the appellant of his rights prior to questioning. The interrogating officer testified that appellant was read his rights as set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Nonetheless, the appellant contends that he was not clearly informed of his rights. The procedural safeguards set forth in *Miranda, supra,* were designed by the United States Supreme Court as a prophylactic means of protecting a defendant's privilege against self-incrimination. There is nothing in this

record to indicate that these exacting safeguards were not followed.

■ Finally, the appellant argues that the Commonwealth failed to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel. The appellant contends that he not only did not waive his privileges and rights but affirmatively asserted his right to remain silent, and that it was his statement asserting his right which was introduced at trial against him.

After being informed of his rights, the appellant was asked if he cared to make a statement. The appellant replied, "You know it all, there is no use of making any kind of written statement or anything, I'm in enough trouble. You all know I done it, so just take me on." Apparently the arresting officers did as the appellant asked—there was no further questioning and the appellant was taken to Perry County.

Clearly any interrogation after this statement would have been illegal. Nonetheless, that does not mean that the statement itself is inadmissible. The appellant had been informed of his rights and in the same breath with which he declined to make a confession he made other statements which tended to indicate his guilt. That to do so was unwise goes without saying; that this amounts to a violation of constitutional rights is unsupportable.

■ The second issue raised by this appeal concerns the failure of the trial court, upon proper motion, to amend the indictment to consolidate the three theft charges into one.

The relevant facts are undisputed. The appellant was indicted and convicted in separate counts of unlawfully taking three items: a stereo owned by Haynes Chrysler Products, Inc., a 1982 Chrysler New Yorker owned by Haynes Chrysler Products, Inc., and a shotgun owned by the Commonwealth of Kentucky. All three items were taken from the Haynes Chrysler building on the same night and (as the jury found) by the same person. The automobile and the shotgun (which was in a State Police cruiser in for repair) were both in the garage of the Haynes building prior to the theft. The stereo was also taken from the Haynes building, though from the bookkeeper's office and not the garage. It is apparent from the record that once inside the Haynes Chrysler building, the thief had access to the garage, the bookkeeper's office, and various other rooms in the building as well.

The question presented by this case is whether the theft of the three items constitutes a single offense or multiple offenses. The fountainhead of Kentucky case law on this issue is *Nichols v. Commonwealth,* 78 Ky. 180 (1879). The court in *Nichols* held that where several items of property are stolen at the same time and the same place there is but a single offense, whether the property belonged to one or several persons. In explaining its holding the court reasoned that:

> Larceny is an offense against the public, and the offense is the same whether the property stolen belongs to one person or to several jointly, or to several persons, each owning distinct parcels. If a flock of sheep of which A owns five, B five, and C five be feloniously asported by one and the same act, there are three trespasses but only one larceny. Each proprietor of a portion of the stolen sheep has sustained a civil injury, and may, indeed must, sue separately for the wrong suffered by him; but the public has sustained but one wrong, and cannot maintain more than one prosecution. . . . *Id.* at 181, 182.

The holding of *Nichols* has been repeatedly reaffirmed by Kentucky's highest court. See *Eversole v. Commonwealth,* Ky., 288 S.W.2d 58 (1956); *Commonwealth v. Colonial Stores,* Ky., 350 S.W.2d 465 (1961). For example, the court in *Jacobs v. Commonwealth,* 260 Ky. 142, 84 S.W.2d 1, stated unequivocally that "the taking of property of different owners at the same time and the same place is one larceny. . . ."

While these cases were rendered prior to the adoption of the penal code under which the appellant was tried, it is clear that their

rationale is applicable to the case at bar. The commentary to KRS 514.030, the penal code section under which the appellant was indicted, states that "KRS 514.030 is intended to include all statutory and common law offenses involving unlawful appropriation of property." Grand and petit larceny are specifically identified in the commentary as offenses intended to be included in KRS 514.030.

Thus with case on the issue firmly established, the only question remaining is whether the items stolen in this case were stolen at "the same time and place." In *Nichols v. Commonwealth, supra,* the defendants stole twenty-one chickens and seven geese. The evidence showed that a portion of the fowl, though belonging to two different people, were taken from the same place. However, fowl belonging to a third person were taken from a place over two hundred yards from where the others were taken, though on the same "plantation." All were stolen on the same night.

The court held that the fowl of two of the owners "were taken from the same place, and although they were no doubt taken one by one into possession of the thieves, the taking of all constituted in law but one act." *Id.* 78 Ky. at 182. The court pointed out that the fowl belonging to the third owner:

> ... were taken from another place, and belonged to a different person, and the act of taking them was distinct from the act of taking the others as if the distance separating the two places had been two miles; and although there was probably only a short interval of time between the two, they are nonetheless as distinct in point of time as if one act had been committed on one night and the other on another. *Id.* at 182, 183.

Had *Nichols* been the only case on this issue we might have been tempted to affirm the appellant's convictions. From *Nichols,* one might conclude that the "single larceny" rule applies only when the stolen items are similar in type and found in a single group in a small area. However, subsequent cases have made clear that the

"same place, same time" concept first expressed in *Nichols* has a much wider application than that expressed above.

For example, in *Jacobs v. Commonwealth, supra,* the stolen items were taken from a barn and consisted of a set of scales, a number of large oil cans, and a mowing machine, each belonging to a different person. The items were stolen some time during a three-day period and, as opposed to the facts in *Nichols,* the stolen items were not found together. The court in *Jacobs* held that though items were owned by different people, were not of the same type, and were certainly not located in exactly the same place in the barn, the taking of the property "at the same time and the same place [was] one larceny." *Id.* 84 S.W.2d at 2.

In the case at bar, all three items of property were stolen from the same building on the same night. We can see no way to distinguish the facts of this case from the facts in *Jacobs.* Thus, it was error to deny the appellant's motion to amend the indictment to consolidate the separate theft charges into one.

■ Before concluding, we must address one further point raised by the Commonwealth regarding this issue. The Commonwealth argues that the appellant waived any defense to the indictment by failing to make a timely "defense or objection" as required by RCr 8.18 and RCr 8.20. However, the trial court permitted appellant's motion, entertained argument from both counsel on the merits, and ruled on the motion. To now claim that any error regarding the trial court's ruling on the motion has not been preserved by the appellant is somewhat ironic. For had the Commonwealth wished to challenge the actions of the trial court in entertaining the motion, a timely objection should have been made in the court below as required by RCr 9.22. As it stands, the Commonwealth's failure to make a timely objection results in waiver of any claim that the motion was untimely.

Therefore, the judgment of the Perry Circuit Court is reversed as regards the appellant's convictions for theft by unlawful taking and is affirmed in all other respects. This case is remanded for further action consistent with this opinion.

All concur except WINTERSHEIMER, J., who files a separate dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from that portion of the majority opinion which reverses the conviction for unlawful taking.

I believe it is time for this Court to reexamine the decision in *Nichols v. Commonwealth,* 78 Ky. 180 (1879). Larceny is both an offense against the public and the individuals who suffer the loss of their property. It is long overdue that this Court carefully review the ancient case defining the degree of punishment for the theft of 21 chickens and 7 geese more than 104 years ago which is the legal foundation of this reversal. Less than 4 years ago, this Court determined that separate convictions on separate counts for robbery of a hotel and robbery of the employees was proper. *Douglas v. Commonwealth,* Ky., 586 S.W.2d 16 (1979). I believe the decision in *Douglas, supra,* should be extended to the larceny or unlawful taking aspect of the criminal code. There can be little doubt that the net profit from criminal activity is much greater in the field of unlawful taking and larceny than it is in robbery because the risks are fewer and the punishment is not as severe. That situation can be addressed by this Court as well as the legislature.