**Amill Andrew SMITH,
Petitioner–Appellant,**

v.

**Dewey SOWDERS, Warden,
Respondent–Appellee.**

No. 86–6117.

United States Court of Appeals,
Sixth Circuit.

Cause Argued March 24, 1988.

Decided June 8, 1988.

Order on Denial of Rehearing
July 7, 1988.

Allen W. Holbrook (argued), court appointed, Holbrook, Gary, Wible, Sullivan, Owensboro, Ky., for petitioner-appellant.

David Armstrong, Atty. Gen. of Kentucky, Frankfort, Ky., Christopher W. Johnson, Mary–James Young (argued), for respondent-appellee.

Before: LIVELY and GUY, Circuit Judges, and COHN, District Judge.[*]

LIVELY, Circuit Judge.

The petitioner appeals the district court's denial of habeas corpus relief from a state court conviction. 28 U.S.C. § 2254. On appeal he raises the single question of whether his conviction for theft of a truck and corn loaded onto the truck violated his right to be free of double jeopardy.

## I.

### A.

Smith entered a Kentucky farm in November 1977 and stole an empty truck which he drove to a nearby loading tank, where he filled it with corn. While still on the farm he stole a license plate from another truck that belonged to the farm owner. He also took some spray paint and painted over the owner's name on the stolen truck. Smith was arrested a short time later in Indiana as he attempted to sell the corn.

Smith was returned to Union County, Kentucky and jailed on five charges: three counts of theft by unlawful taking, one count of criminal mischief, and one count of possession of burglary tools. The next day Smith appeared in the Union County Quarterly Court,[1] a court with jurisdiction over misdemeanors and traffic offenses and authority to bind defendants over to a grand jury on felony charges, and entered a not guilty plea to all charges. Several days later Smith appeared in quarterly court again and changed his plea to guilty. He was sentenced to 30 days in jail on each of three charges.

As the Supreme Court noted in *Colten v. Kentucky*, 407 U.S. 104, 114, 92 S.Ct. 1953, 1959, 32 L.Ed.2d 584 (1972), quarterly courts in Kentucky did not record their proceedings. The quarterly court records show only that Smith pled guilty to possession of burglary tools, criminal mischief (third degree), and theft by unlawful taking. The plea form contains no statement of facts or further description of the offenses. The Kentucky State Police report of investigation states that Smith pled guilty to a charge of theft by unlawful taking, a Class A Misdemeanor for stealing the license plate, in addition to the misdemeanor charges involving spray painting the cab of the stolen truck and possession of burglary tools.

In January 1978, while Smith was serving his jail sentences, the Union County Grand Jury indicted Smith on two felony charges of theft by unlawful taking over $100 for stealing the truck and corn, and on one felony charge of being a persistent felony offender. With appointed counsel, Smith pled guilty to all three felony counts and was sentenced to five years on each theft charge, the maximum permitted, and ten years as a persistent offender, the minimum under the applicable statute. The sentences were to run concurrently.

### B.

Smith filed a motion to vacate sentence in the Union Circuit Court. It raised issues that are not before this court. Following an evidentiary hearing, Smith was permitted to supplement his motion to claim a double jeopardy violation. The trial court overruled the motion as supplemented, and

---

[*] The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Quarterly courts have been abolished and replaced by district courts in a comprehensive restructuring of the Kentucky judiciary.

Smith, represented by the Department of Public Advocacy, appealed to the Kentucky Court of Appeals. In affirming the trial court's denial of the motion, the court of appeals stated:

Appellant cites the case of *Brown v. Ohio*, 431 [432] U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), for the proposition that the constitutional guarantee against double jeopardy protects against not only a second prosecution for the same offense after acquittal, but also against a second prosecution for the same offense after conviction and against multiple punishments for the same offense. While we have no argument with the holding in *Brown,* we find nothing in the record to justify a vacation of appellant's conviction on the basis of a violation of the double jeopardy clause.

Appellant was charged in November of 1977 with the misdemeanor crimes of possession of burglary tools, third degree criminal mischief, and theft by unlawful taking and pleaded guilty to said charges in the Union Quarterly Court. The theft by unlawful taking charge in the Union Circuit Court contained two counts: Count I charged appellant with unlawfully taking a truck owned by David Maloney, while Count II charged him with unlawfully taking corn owned by David Maloney.

Although appellant testified in the evidentiary hearing that both the charges in the district court and the charges in the circuit court arose out of the same transaction of November 6, 1977, there is no basis in the record for the allegation that the convictions in each court arose out of the same transaction. In fact, as the Commonwealth states, the claim of double jeopardy was investigated and discounted by the Office of Public Advocacy.

\*  \*  \*  \*  \*  \*

The evidence in this case relative to a conviction in violation of the double jeopardy clause does not meet the burden of proof required for relief in an 11.42 proceeding. *Dorton v. Commonwealth,* Ky., 433 S.W.2d 117 (1968).

C.

The district court referred Smith's habeas corpus petition to a magistrate who conducted an evidentiary hearing. At the hearing Smith testified that he believed he was pleading guilty to all charges pending against him at his second appearance in quarterly court. When asked about his subsequent plea in circuit court Smith said he told the prosecutor and his court-appointed lawyer that he "had done pleaded guilty," but they told him there was "a separate charge up there." Both Smith's attorney and the circuit judge who accepted the guilty plea to the three felony charges testified that Smith did not mention his earlier guilty plea in quarterly court or claim that it covered all five charges. The quarterly court judge testified that quarterly court had no jurisdiction over felonies, and that he could not remember ever amending a felony charge down to a misdemeanor.

The magistrate found that Smith had pled guilty to three misdemeanor charges in quarterly court—theft of the license plate, possession of burglary tools, and criminal mischief. The magistrate also found that Smith subsequently pled guilty to two separate felony theft charges in circuit court—theft of the truck and the corn—and a charge of being a persistent felony offender based on these pleas and three prior felony convictions. Concluding that there was no double jeopardy violation, the magistrate recommended that the petition for a writ of habeas corpus be denied. Overruling Smith's objections, the district court accepted the magistrate's report and recommendation, and dismissed the petition.

II.

A.

■ On appeal Smith contends that even if the magistrate's findings of fact are not clearly erroneous, the conclusion that there was no double jeopardy violation in this case is wrong. Although we agree with the magistrate's conclusion, we make this

determination on a somewhat different basis. In one of his conclusions of law the magistrate stated that "the assumption of correctness attaches to the state court's conclusions regarding the validity of petitioner's double jeopardy claim." This is an incorrect statement of law if construed as the basis for deciding the federal constitutional issue. There is a presumption that a state court's findings of fact are correct for habeas corpus purposes, 28 U.S.C. § 2254(d), *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982), but this presumption does not apply to conclusions of law. *Pryor v. Rose,* 724 F.2d 525, 528 (6th Cir.1984).

In any event, the Kentucky Court of Appeals appears to have rested its decision, not on a constitutional analysis of the double jeopardy claim, but rather on the fact that Smith failed to satisfy the requirements for relief under the State's post-conviction procedure, Kentucky Rule of Criminal Procedure (RCr) 11.42. The decision cited by the court of appeals, *Dorton v. Commonwealth,* 433 S.W.2d 117, 118 (Ky. 1968), contains this language:

The burden is upon the accused to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by the post-conviction proceedings provided in RCr 11.42.

The Kentucky Court of Appeals did not disagree with Smith's argument that the Double Jeopardy Clause forbids multiple prosecutions for the same offense; it merely held that Smith had not satisfied the requirements for establishing that the separate prosecutions arose out of the same transaction and therefore constituted a single offense.

### B.

In his brief on appeal, and at oral argument, Smith's counsel emphasized Kentucky's adherence to the "single larceny" rule. In *Fair v. Commonwealth,* 652 S.W.2d 864 (Ky.1983), the Supreme Court of Kentucky reviewed the development of the single larceny rule beginning with the "fountainhead" case of *Nichols v. Commonwealth,* 78 Ky. 180 (1879). The court concluded that the only question in determining if the rule applies is whether the items stolen in a particular case were taken at "the same time and place." 652 S.W.2d at 867. If this test is met, theft of several items, even from different owners, constitutes a single offense.

The owner of the stolen truck in the present case testified that the truck was taken from his 360–acre farm. It had been moved from the place where it was parked about 100 yards to the place where the grain was loaded before it was driven away. In addition, the truck from which the license plate had been removed was found sitting in the middle of a field. It had been parked in the same area as the stolen truck and had been moved some distance in an apparent effort to start its engine.

It appears that the Kentucky Court of Appeals concluded that the single larceny rule did not apply in Smith's case because he failed to establish that the thefts constituted a single transaction under the "same time and place" test. In *Nichols,* the "fountainhead" decision, chickens and geese were stolen from different parts of the same property. The court held that because there were separate thefts of similar loot from two locations on the property that were two hundred yards apart, the takings did not constitute a single theft. The facts in this case are closer to those in *Nichols* than to those in *Fair,* where separate items were taken from an office in a building and the garage area of the same building, and *Jacobs v. Commonwealth,* 260 Ky. 142, 84 S.W.2d 1 (1935), where several items were taken from a single building, or *Eversole v. Commonwealth,* 288 S.W.2d 58 (Ky.1956), where five or more items were taken from a picnic table while the owners were swimming. In these three cases the takings were held to be a single theft. The evidence on which the Kentucky court based its decision indicated that the thefts of the truck and corn and of the license plate in the present case were separated by both time and place.

### C.

A federal court is not free to issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984); see *Olsen v. McFaul,* 843 F.2d 918, 933 (6th Cir.1988) ("For excellent reasons, claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus."). Thus, a claim of a federal constitutional violation that is based on an alleged misapplication of a state-adopted single larceny rule cannot be sustained. We agree with the Fifth Cir-

cuit's disposition of an argument precisely like that relied upon by Smith in this case:

> The adoption of a single larceny doctrine is strictly a matter of state law. The doctrine has not received universal acceptance by the states which have considered it. See Annot., 37 A.L.R.3d 1407, 1410.
>
> Equally, the application of that doctrine, or the refusal to apply it to a given set of facts is a matter to be resolved by state courts, in this instance by Florida courts. It does not involve a federal constitutional question. Both the Florida court of appeal and the Supreme Court of Florida, by its denial of certiorari, found the facts in Hall's case to be outside the doctrine as declared by Florida courts. There the matter ends. Determination of state law by courts of that state is binding upon federal courts, and consequently the district court below was bound by Florida's interpretation of Florida law.

*Hall v. Wainwright,* 493 F.2d 37, 41 (1974). For constitutional purposes, it "makes no difference" that the separate charges against Smith grew out of the same transaction. *Salemme v. Ristaino,* 587 F.2d 81, 87 (1st Cir.1978), quoting *Carter v. McClaughry,* 183 U.S. 365, 394–95, 22 S.Ct. 181, 192–93, 46 L.Ed. 236 (1902). The only significance of the "same transaction" inquiry of the Kentucky Court of Appeals was to determine whether state law required the thefts to be treated as a single offense. That court's determination ended the inquiry. State courts interpret state criminal statutes, and their interpretations are binding on federal courts. *Cf. Payne v. Smith,* 667 F.2d 541, 548 (6th Cir.1981), *cert. denied,* 456 U.S. 932, 102 S.Ct. 1983, 72 L.Ed.2d 449 (1982) ("The Kentucky Supreme Court held that, under Kentucky law, two separate offenses were committed. A determination of state law by the supreme court of that state is binding on this court.").

We look to the state legislature to determine whether a criminal act is to be treated as one crime or more than one. *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). As the court stated in *Sanderson v. Rice,* 777 F.2d 902, 904 (4th Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1226, 89 L.Ed.2d 336 (1986), "[t]here is no separate federal constitutional standard requiring that certain actions be defined as single or as multiple crimes."

The Kentucky Penal Code defines the crime of theft by unlawful taking and divides it into separate offenses on the basis of the value of the property taken. Kentucky Revised Statutes 514.030. Since the license plate stolen by Smith had a value of less than $100, its theft was a Class A misdemeanor. Both the corn and the truck had a value of $100 or more, and their theft constituted two Class D felonies. That the Kentucky Court of Appeals did not apply the single larceny rule to treat these thefts as a single offense is of no constitutional significance.

The judgment of the district court is affirmed.

## ORDER ON REHEARING

Upon receipt and consideration of the petition for rehearing filed herein by the petitioner-appellant, the court concludes that rehearing is not required.

The petitioner-appellant misconstrues this court's opinion. In his first argument the petitioner-appellant states that this court has overlooked the fact that the state court findings were not entitled to the presumption of correctness. As this court stated in part II A. of the opinion, the magistrate appeared to rely on a presumption of correctness with respect to the state court's conclusions, but this court pointed out that there is no such presumption that applies to conclusions of law. This court accurately analyzed the state court of appeals' decision and did not accord to any conclusions therein a presumption of correctness.

With respect to the second argument in the petition for rehearing, this court did not overlook the Kentucky Court of Appeals' treatment of *Brown v. Ohio.* Rather, this court quoted from the Kentucky Court's opinion where it referred to *Brown v. Ohio* and pointed out that the Kentucky court rested its decision on non-constitutional grounds.

The petition for rehearing is denied.