996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles JAMES, Petitioner-Appellant,
v.
Carole SHIPLEVY, Respondent-Appellee.
 No. 92-3999.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before GUY and BATCHELDER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Charles James, a pro se Ohio state prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On October 23, 1990, a Richland County, Ohio, jury convicted James of one count of drug trafficking and one count of permitting drug abuse. He was sentenced to concurrent terms of five to twenty-five years incarceration for drug trafficking and six months for permitting drug abuse. The trial court also imposed a fine of $10,000. On June 10, 1991, the Court of Appeals for the Fifth Appellate District of Ohio affirmed the conviction. On October 23, 1991, the Supreme Court of Ohio dismissed James's motion for leave to appeal without opinion. James exhausted his state court remedies.
 
 
 4
 In his habeas petition, James advanced the following claims: 1) his conviction was obtained through a manifest miscarriage of justice when the state court judge commented on the evidence (judicial misconduct claim); and 2) his conviction was obtained by the use of evidence that was illegally obtained. The district court denied the petition after concluding that James's claims lacked merit.
 
 
 5
 Upon review, we affirm the order of the district court. The remarks of the trial judge, that a co-defendant witness (Taylor) had to live up to the deal regarding testifying against James, or face being resentenced, did not render James's trial fundamentally unfair. See McBee v. Grant, 763 F.2d 811, 818 (6th Cir.1985). The trial judge was merely answering the witness' question. His answer did not indicate to the jury whether he believed or disbelieved any particular portion of Taylor's testimony. Furthermore, the jury's knowledge of Taylor's plea bargain was explained during the prosecutor's opening statement, and this fact was also revealed in Taylor's direct examination. James had the opportunity to cross-examine Taylor but declined to do so.
 
 
 6
 The remaining instances of alleged judicial misconduct involve questions of purely state law. Such questions rarely serve as a basis for habeas corpus relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988). In any event, the findings of the Ohio Court of Appeals in connection with the two remaining instances are presumed correct, and no convincing evidence to the contrary exists. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam); Smith v. Jago, 888 F.2d 399, 407-08 (6th Cir.1989), cert. denied, 495 U.S. 961 (1990).
 
 
 7
 Concerning the second issue in this case, James has not shown that he was denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). James cannot seek habeas relief on his Fourth Amendment claim that he was arrested without probable cause if he had a full and fair opportunity to raise the claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective process. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). James actually litigated the Fourth Amendment claim at trial and on appeal. No breakdown of the state corrective process is evident.
 
 
 8
 James's claim that his consent to search the car was invalid because it was a fruit of the failure to give Miranda warnings, to the extent that it presents a Fourth Amendment claim, is not cognizable in federal habeas corpus for the reason previously stated. To the extent this claim involves the Fifth Amendment, it lacks merit. James voluntarily consented to the search of the car as the factual findings of the Ohio Court of Appeals clearly show in the opinion. A search based upon consent may be undertaken regardless of whether Miranda warnings have been given. See Schneckloth v. Bustamonte, 412 U.S. 218, 243 (1973).
 
 
 9
 Finally, under the totality of the circumstances in this case, James was not in custody so as to require Miranda warnings at the time he stated that he did not know either of the two men who were arrested during the drug bust at the L & K. James consented to return to the scene of the drug arrest. No questioning occurred in the police cruiser. James was not formally arrested when he made the statements. Consequently, his Fifth Amendment claim is without merit.
 
 
 10
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation