14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Calvin BUCHANAN, Petitioner-Appellant,
v.
Karen DeFEW; Attorney General of Kentucky, Respondents-Appellees.
 No. 93-5789.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 1
 Before: KEITH and JONES, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Calvin Buchanan, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Buchanan is currently serving a 40 year sentence for armed robbery, two counts of first degree robbery, and criminal possession of a forged instrument in the second degree. In July 1989, Buchanan was awarded 615 days of meritorious good time pursuant to Ky.Rev.Stat. Sec. 197.045(3). The award was to include a period of incarceration from February 18, 1964, through July 13, 1972, when Buchanan was serving a life sentence for rape. In November 1990, the Kentucky Corrections Cabinet concluded that the award was erroneous under Ky.Rev.Stat. Sec. 197.045(3) and revoked 605 days of the original award.
 
 
 4
 Buchanan then filed a petition seeking a writ of mandamus with the Franklin County (Kentucky) Circuit Court requesting that the 605 days be restored. The Franklin County Circuit Court granted the writ of mandamus and directed that Buchanan be credited with the 605 days. On appeal, the Kentucky Court of Appeals reversed, finding that as a matter of state law, Ky.Rev.Stat. Sec. 197.045(3) could not be retroactively applied. The Kentucky Supreme Court denied discretionary review.
 
 
 5
 While his petition for a writ of mandamus was pending before the Franklin County Circuit Court, Buchanan filed a state petition for a writ of habeas corpus in the Boyle County (Kentucky) Circuit Court essentially arguing that he had a liberty interest in the 605 days and that the time could not be revoked without a notice and a hearing. The petition was denied and the Kentucky appellate courts affirmed.
 
 
 6
 Buchanan then filed his federal petition for habeas corpus relief essentially arguing that he was being illegally held, that he was entitled to the good time credits because there was no evidence that the Corrections Cabinet consistently applied the meritorious good time to time served after the statute was enacted, and that the Kentucky Court of Appeals lacked jurisdiction to reverse the Franklin County Circuit Court's order granting the writ of mandamus. A magistrate judge recommended that the petition be denied because Buchanan had not exhausted his available state court remedies and had procedurally defaulted on his claims. Upon de novo review, the district court dismissed the petition as meritless.
 
 
 7
 In his timely appeal, Buchanan essentially argues that he was not procedurally barred from bringing his claims in his habeas petition, that the Kentucky Court of Appeals lacked jurisdiction to reverse the writ of mandamus, and that he was entitled to the good time credits.
 
 
 8
 Upon de novo review, we conclude that Buchanan has failed to establish a cognizable claim under 28 U.S.C. Sec. 2254. Although the district court properly dismissed Buchanan's petition, we affirm the district court's order for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 9
 Buchanan is not entitled to habeas relief because his arguments concern issues of purely state law which are inappropriate for federal habeas relief. See Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988); Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988). Although Buchanan's arguments have not been procedurally barred, the claims do not warrant habeas corpus relief.
 
 
 10
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation