107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald TURNPAUGH, Petitioner-Appellant,
v.
Robert E. LECUREAUX, Respondent-Appellee.
 No. 96-1299.
 United States Court of Appeals, Sixth Circuit.
 Feb. 06, 1997.
 
 Before: CONTIE, RYAN, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Donald Turnpaugh, a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1977, Turnpaugh was convicted by a Michigan jury of two counts of first degree murder for which he received a sentence of life in prison without parole. The Michigan courts affirmed his conviction and sentence. In 1983, Turnpaugh filed two identical petitions for habeas relief under § 2254. The district court consolidated these petitions and denied them on the merits. Turnpaugh then filed another federal habeas petition in district court. The district court denied that petition on the merits, and this court affirmed that denial.
 
 
 3
 In 1988, Turnpaugh filed a third petition. The district court denied the petition on the merits, and also concluded that it represented an abuse of the writ under 28 U.S.C. § 2244 and Rule 9(b) of the Rules Governing Section 2254 Cases. See McCleskey v. Zant, 499 U.S. 467, 489-90 (1991). In 1990, Turnpaugh filed a fourth petition for federal habeas relief and the district court dismissed that petition as an abuse of the writ under § 2244(b).
 
 
 4
 Turnpaugh presented the following grounds in support of his fifth petition for relief under § 2254, which is the petition now before this court for review: 1) he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments when the trial judge gave an improper jury instruction on "reasonable doubt"; 2) he was denied his Sixth Amendment right to effective assistance of trial counsel; 3) he was denied effective assistance of appellate counsel; and 4) the Michigan Court of Appeals judge did not properly advise Turnpaugh of his right to appeal from a state evidentiary hearing, and of his right to be appointed counsel. Turnpaugh argues that he has established cause and prejudice to overcome any procedural bar to his successive federal petition, and that a miscarriage of justice will occur if his claims are not reviewed on the merits.
 
 
 5
 The district court dismissed Turnpaugh's jury instruction claim as an abuse of the writ, rejected his ineffective assistance of counsel claims, and dismissed the remaining claims because they were based only on state law and did not warrant federal habeas relief. On appeal, Turnpaugh reasserts the grounds he presented in district court. Turnpaugh has also filed a motion for the appointment of counsel on appeal.
 
 
 6
 The district court properly determined that when Turnpaugh presented his jury instruction claim in this fifth petition, he abused the writ pursuant to 28 U.S.C. § 2244(b) and Rule 9(b) of the Rules Governing Section 2254 Cases. McCleskey, 499 U.S. at 489-90. A petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. 28 U.S.C. § 2244(b); McCleskey, 499 U.S. at 489-90. The government met its initial burden of properly pleading an abuse of the writ, McCleskey, 499 U.S. at 494, and Turnpaugh did not meet his burden of disproving the abuse. Id.
 
 
 7
 A federal court may still review abusive claims if the petitioner can show cause and prejudice to excuse his failure to raise the claims at the earlier opportunity. McCleskey, 499 U.S. at 493-94; Perkins v. LeCureux, 58 F.3d 214, 218 (6th Cir.), cert. denied, 116 S.Ct. 526 (1995). However, even if it is assumed that Turnpaugh established cause, he was not prejudiced by the alleged errors. The challenged jury instruction on reasonable doubt was not undesirable, erroneous or universally condemned and was not so infirm that it rendered the entire trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 72 (1991); Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Moreover, Turnpaugh has not submitted evidence that he is actually innocent, so that he may overcome the cause and prejudice bar. Schlup v. Delo, 115 S.Ct. 851, 867-69 (1995).
 
 
 8
 Because there is no merit to the jury instruction claim, there is, likewise, no merit to Turnpaugh's claims that his trial and appellate counsel were ineffective for failing to raise an objection to that instruction at trial or on direct appeal. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The claims that Turnpaugh presented concerning the state court's refusal to follow Michigan's Rules of Criminal Procedure involve interpretation by the Michigan courts of their own criminal statutes, and that interpretation is binding on the federal courts. Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.); cert. denied, 488 U.S. 866 (1988). Thus, this court will not review these state law questions. Estelle, 502 U.S. at 68.
 
 
 9
 Accordingly, Turnpaugh's motion for counsel is denied, and the district court's order denying the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.