891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy GENTRY, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5986.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Timothy Gentry, appeals an order of the district court which dismissed his petition for a writ of habeas corpus. He now moves for the appointment of counsel. Upon review of the record and petitioner's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 24, 1986, a jury of the Circuit Court of Fayette County, Kentucky found petitioner guilty of murder, first degree robbery and first degree burglary. As punishment, he was sentenced to a total of 50 years imprisonment. After the conclusion of his direct appeal before the Kentucky Supreme Court, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Eastern District of Kentucky. In support of his request for that relief, petitioner maintained only that the Kentucky Supreme Court erred in finding that he had failed to make a proper objection to the admission of a photograph of his victim's corpse and had therefore waived appellate review of that issue. Acting upon a magistrate's report and recommendation, the district court concluded despite petitioner's objections that the petition for habeas relief was without merit and ordered its dismissal. Petitioner then filed this appeal.
 
 
 3
 Based upon a careful review of the record, the court concludes that the petition for a writ of habeas corpus alleges only that the Kentucky Supreme Court erred in its application of that state's law regarding the making of objections to proffered evidence. Errors of such nature, however, are generally insufficient to support a claim for habeas relief. Smith v. Sowders, 848 F.2d 735, 738 (6th Cir.), cert. denied, 109 S.Ct. 169 (1988). Moreover, even if petitioner's allegations were to be construed in such a manner as to present a cognizable claim for habeas relief, this court could not address the merits of that issue due to his failure to object to the admission of the photograph at trial. As a result of that failure, petitioner is procedurally barred from relying upon that claim as a basis of his request for habeas relief. Harris v. Reed, 109 S.Ct. 1038, 1043 (1989).
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.