918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony SAMEL, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 90-1216.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Anthony Samel, a pro se Michigan prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Samel was charged with three counts of first degree criminal sexual conduct, and of being a fourth-felony habitual offender. Pursuant to a plea agreement, Samel pleaded guilty to one count of third degree CSC, and of being a second-felony offender. He was sentenced to a term of 5 to 22 1/2 years imprisonment; his conviction was affirmed by the Michigan Court of Appeals, and the Michigan Supreme Court denied discretionary review. Samel's later attempts at post-conviction relief were also unsuccessful.
 
 
 4
 Samel then filed his habeas petition alleging: 1) his plea was involuntary because of prosecutorial overcharging; and 2) Michigan's CSC statutes were unconstitutional because they were not enacted in compliance with article 4, Sec. 26 of Michigan's 1963 constitution which provides that no bill shall be passed until it has been in the possession of each house for at least five days, and that every bill must be read three times before final passage. In a comprehensive report, the magistrate recommended that the petition be denied finding that Samel was procedurally barred from presenting the prosecutorial overcharging claim in a federal habeas proceeding because he had waived his right to a preliminary examination in the state trial court. The magistrate alternatively found that the prosecutor properly charged Samel with three counts of first degree CSC because Samel was alleged to have engaged in three separate acts of penetration with a victim under the age of sixteen when he was in a position of authority over the victim. The magistrate also found that Samel was not entitled to habeas relief on the second claim because the claim only involved an alleged error of state law. Samel filed objections raising additional claims of double jeopardy and ineffective assistance of counsel. The district court addressed the new claims, and thereafter adopted the magistrate's report and recommendation.
 
 
 5
 On appeal, Samel only reasserts his claim regarding the constitutionality of the CSC statutes. Thus, Samel has abandoned all his other claims as he has not reasserted them on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Samel requests the appointment of counsel.
 
 
 6
 Upon review, we shall affirm the district court's judgment for the reasons stated in the magistrate's report dated October 6, 1989, as adopted by the district court on January 26, 1990. Samel is not entitled to federal habeas relief because his claim that the CSC statutes were improperly enacted implicates only an alleged error of state law. See Pulley v. Harris, 465 U.S. 37, 41 (1984); Smith v. Sowders, 848 F.2d 735, 738 (6th Cir.), cert. denied, 109 S.Ct. 169 (1988).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.