935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael A. COHEN, Petitioner-Appellant,
v.
John CROSSER, Sheriff, Respondent-Appellee.
 No. 90-4005.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, JR., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner appeals from the District Court's dismissal of his habeas corpus petition. Petitioner alleges that his constitutional rights were violated when he was denied access to repair records and an electronic schematic diagram of the breath-testing instrument ("intoxilyzer") which furnished evidence to support petitioner's conviction under Ohio law for driving with a prohibited breath-alcohol level. For the following reasons, we AFFIRM.
 
 
 2
 Petitioner was charged with operating a motor vehicle while under the influence of alcohol and with operating a motor vehicle with a prohibited breath-alcohol level in violation of Ohio Rev.Code Sec. 4511.19(A)(1), (3). Part of petitioner's trial strategy was to cast doubt upon the veracity of the intoxilyzer's test results. To this end, petitioner attempted to obtain the intoxilyzer's electronic schematic diagram and its repair records.
 
 
 3
 Petitioner took several actions to procure these documents. First, petitioner sought to obtain the documents from the sheriff's office. Unsuccessful in this attempt, petitioner next filed a motion to compel the State to produce the electronic schematic diagram. Petitioner never attempted to obtain the repairs records through judicial process. The motion to compel discovery was specifically limited to the electronic schematic diagram. The trial court denied this motion because petitioner intended to use this diagram for a purpose prohibited by state law: to attack the general class of intoxilyzer machines, not to attack this particular machine. Petitioner then sought the assistance of the State to procure these documents from third parties known to both parties to possess copies of these documents (the State did not have copies). This, too, proved unsuccessful. Lastly, petitioner attempted unsuccessfully to suppress the admission of the intoxilyzer test results.
 
 
 4
 A jury acquitted petitioner on the count of operating a motor vehicle while under the influence of alcohol, but convicted him of operating a motor vehicle with a prohibited breath-alcohol level. The court sentenced petitioner to thirty days incarceration and suspended his driving privileges for five years. After exhausting his state remedies, petitioner filed this habeas corpus petition in district court. A magistrate recommended that the case be dismissed. The District Court agreed with this recommendation and dismissed the case. This timely appeal ensued.
 
 
 5
 Petitioner alleges violations of his constitutional rights to discover exculpatory material, to confront witnesses and to due process. Essentially, petitioner contends that the actions of the District Court and the State inhibited his ability to attack the credibility of or to cross-examine the intoxilyzer.
 
 
 6
 At the outset, we make several observations from the record that are both pertinent and fatal to the success of petitioner's allegations. First, both parties agree that copies of the schematic diagram and repair records could have been obtained from third parties known to all parties. Second, the State was under no legal duty to provide these documents to petitioner, nor has petitioner alleged that any agent of the State hindered petitioner's efforts to acquire these documents from third-parties. Third, petitioner has not been denied access to the intoxilyzer in issue at any time relevant to this case, and petitioner was given amply opportunity to cross-examine the officer who operated the intoxilyzer when petitioner was tested. Finally, petitioner proffers no argument and the record is barren of any evidence to attack the magistrate's conclusion that "there was no indication that the wiring was defective or that repairs, if any had been made, had not cured whatever defect had required repair. Nor was there any indication that there was any reason to be concerned about any problems resulting from the wiring of this machine or comparable models." Joint App. at 18 (Magistrate's Report and Recommendation).
 
 
 7
 In attempting to establish a confrontation clause violation, petitioner argues a violation by the State of the proposition that "if the government uses highly sophisticated scientific evidence ... involving time consuming and expensive laboratory tests, it must allow time for defendant to make similar tests." United States v. Russo, 480 F.2d 1228, 1241 (6th Cir.1973); see also United States v. Stifel, 433 F.2d 431 (6th Cir.1970). The record indicates, however, that petitioner was adequately apprised of the evidence that would be used against him at trial. Petitioner was not denied access to the intoxilyzer to determine its reliability. The State did not hinder petitioner from contacting third parties in order to acquire documents deemed relevant. In short, the record does not indicate that petitioner was not given an adequate amount of time or an opportunity to become informed regarding the operation of the intoxilyzer.
 
 
 8
 Further, "[t]he confrontation clause guarantees only an adequate opportunity to cross-examine adverse witnesses." United States v. Owens, 484 U.S. 554 (1988). Petitioner was afforded the opportunity to cross-examine the officer who operated the intoxilyzer, including his knowledge of the functioning of the intoxilyzer on the night in question. As applied to machines, this opportunity, when coupled with access to the intoxilyzer, is not violative of petitioner's constitutional right of confrontation.
 
 
 9
 Petitioner next contends that a Brady violation occurred because the government failed to disclose the intoxilyzer's schematic drawings and repair records. Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the prosecution has a duty to disclose to a defendant evidence that is both favorable to such defendant and material to his guilt or punishment. United States v. Todd, 920 F.2d 399 (6th Cir.1990). The essence of Brady is to ensure disclosure of "evidence favorable to the accused that, if suppressed, would deprive defendant of a fair trial...." United States v. Bagley, 473 U.S. 667, 675 (1985). We have previously recognized that Brady does not vest a defendant with broad discovery powers; nor does it create a general constitutional right to discovery in a criminal case. Todd, 920 F.2d at 405. Rather, Brady protects the fairness of the proceedings. We have held that no Brady violation results from nondisclosure of certain documents if the information embodied in such documents is available from alternate sources and defendant has knowledge of and access to such sources. See id. The District Court found that petitioner had knowledge of and access to other sources which could provide the relevant information.
 
 
 10
 Further, petitioner has made no showing that this evidence would be exculpatory. Indeed, the evidence admitted at trial indicates otherwise. Evidence introduced at trial showed that the intoxilyzer had been calibrated by a certified operator on June 1, 1987, and June 8, 1987, two days prior and five days subsequent to the date respondent was tested. Id. at 123. Procedures were also followed immediately prior and subsequent to administering respondent's breath test to ensure proper operation of the intoxilyzer. Id. at 127. We conclude that no Brady violation occurred under these circumstances.
 
 
 11
 Finally, petitioner argues that the State's noncompliance with its law requiring on-site storage of certain documents, including the operation manual, violated his constitutional guarantee to due process. An allegation of a violation of state law is not cognizable on federal habeas review. Smith v. Sowders, 848 F.2d 735 (6th Cir.1988).
 
 
 12
 For the foregoing reasons, we AFFIRM the decision of the District Court.