947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert K. DONOVAN, Petitioner-Appellant,
v.
Phil PARKER, Respondent-Appellee.
 No. 91-3418.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 Robert K. Donovan appeals the district court's order denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December of 1985, Donovan pled guilty to felonious assault and was sentenced to three years of actual incarceration, in addition to 5-15 years of imprisonment. He has exhausted his remedies in Ohio.
 
 
 3
 In his petition for a writ of habeas corpus, Donovan alleged: 1) he was denied his constitutional right to a speedy trial; 2) he received ineffective assistance of counsel because of counsel's alleged failure to investigate the facts surrounding his case and failure to consult with Donovan in regard to the evidence; 3) he was denied his right to an evidentiary hearing; and 4) his guilty plea was a result of being intimidated by his attorney and was, therefore, not knowing and voluntary. The district court carefully considered each of these allegations on the merits and dismissed the petition. On appeal, Donovan presents these same four grounds in support of his request for habeas relief and also requests appointment of counsel.
 
 
 4
 Upon review, this court concludes that the district court properly denied Donovan's petition for habeas relief. Although due process does require that defendants receive a speedy trial, habeas relief is not warranted because Donovan has not shown actual prejudice by the alleged delay or that the government was seeking some tactical advantage by undue delay. Barker v. Wingo, 407 U.S. 514, 532 (1972); Payne v. Rees, 738 F.2d 118, 122 (6th Cir.1984). Further, Donovan bases his argument on a violation of state law, which rarely serves as a basis for habeas relief. Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 5
 Donovan has not shown that, but for his counsel's alleged errors, he would have not pleaded guilty or would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Finally, the record reveals that Donovan made a voluntary and intelligent choice in pleading and it was not necessary, under the Constitution, for the trial court to inquire into the factual basis for the plea. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Roddy v. Black, 516 F.2d 1380, 1385 (6th Cir.), cert. denied, 423 U.S. 917 (1975).
 
 
 6
 Accordingly, Donovan's request for appointment of counsel is denied, and the district court's order denying his petition is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation