958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James THREET, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 91-1736.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1992.
 
 Before NATHANIEL R. JONES, BOGGS and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 James Threet is a pro se Michigan prisoner who appeals the dismissal of a habeas corpus petition that he had filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1980, Threet was sentenced to life imprisonment after a jury convicted him of kidnapping, assault with the intent to commit murder, and felony possession of a firearm. The victim was an undercover narcotics officer who had attempted to set up a drug transaction with Threet and his partners. In his petition, Threet alleged 1) that his trial counsel was ineffective because he did not move for a mistrial when a juror fell asleep during trial; 2) that counsel was ineffective because he allowed a mother to testify as to what her daughter had observed; 3) that counsel was ineffective because he did not cross-examine a fingerprint expert and a lab technician; 4) that counsel was ineffective because he did not object to corroborating testimony which was based on transmissions from a monitoring device; and 5) that he was denied due process because the prosecution did not allow discovery of the officer's police report. In his brief on appeal, Threet also argues that his kidnapping conviction was unconstitutional because it was contrary to state law. On May 16, 1991, the district court adopted a magistrate's recommendation and summarily dismissed Threet's petition. It is from this judgment that Threet now appeals. His brief on appeal contains a request for counsel.
 
 
 3
 Upon review, we conclude that Threet has abandoned his ineffective assistance of counsel claims by not raising them in his original brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986). In addition, Threet has waived appellate review of these claims, as well as his due process claim, by failing to file specific objections to the magistrate's report and recommendation. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). Finally, Threet's claim regarding the Michigan Supreme Court's interpretation of the Michigan kidnapping statute was not properly presented to the district court. Cf. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987) ("It is a well-established principle of appellate review that appellate courts do not address claims not properly presented below."). Moreover, Threet's state law claim would not have provided an adequate basis for habeas corpus relief, even if it had been properly pled. See Wainwright v. Goode, 464 U.S. 78, 86 (1983) (per curiam); Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 4
 Accordingly, Threet's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.