12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry WILEY, Petitioner-Appellant,
v.
Michael J. O'DEA, Warden, Respondent-Appellee.
 No. 93-5669.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Henry Wiley, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1982, Wiley was convicted by a jury of receiving stolen property over $100, for possessing a controlled substance, and for being a persistent felony offender in the first degree; he was sentenced to serve fifteen years' imprisonment. In 1992, prior to filing his federal habeas petition, Wiley filed a state petition for habeas corpus under Ky.Rev.Stat. Sec. 419.020, arguing that he was entitled to have the Kentucky Parole Board review his eligibility for parole pursuant to Ky.Rev.Stat. Sec. 532.080(7) because he had served ten years of his sentence. The state trial court denied the petition and the Kentucky appellate courts affirmed.
 
 
 3
 Wiley then filed his federal petition contending that he should have been considered for release by the parole board under Ky.Rev.Stat. Sec. 532.080(7). The case was referred to a magistrate judge who recommended that the petition be denied. Wiley filed timely objections to the magistrate judge's report. However, another inmate signed the objections on Wiley's behalf. Upon de novo review, the district court denied the petition as meritless.
 
 
 4
 In his timely appeal, Wiley continues to argue the merits of his petition. In addition, he contends that he has exhausted his available state court remedies, that his claim raised a cognizable federal claim, and that his objections to the magistrate judge's report were properly filed. He requests oral argument.
 
 
 5
 Initially, we note that Wiley's objections may be considered since the district court reviewed the magistrate judge's report in light of Wiley's objections despite the fact that another inmate filed the objections on Wiley's behalf. See Patterson v. Mintzes, 717 F.2d 284, 286-88 (6th Cir.1983).
 
 
 6
 Upon de novo review, we conclude that the district court properly dismissed Wiley's petition because he has not presented any cognizable claim under 28 U.S.C. Sec. 2254. Wiley's contentions concern errors of purely state law that are not cognizable on federal habeas corpus review. See Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988); Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988). We further note that Ky.Rev.Stat. Sec. 532.080(7) does not create a liberty interest in having a parole hearing once an individual has served ten years of incarceration. See, e.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 464-65 (1989).
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.