82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven JOHNSON, Petitioner-Appellant,
v.
E.L. SPARKMAN, Warden, Respondent-Appellee.
 No. 95-5683.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Steven Johnson, a pro se Kentucky prisoner, moves for the appointment of counsel and appeals a district court judgment dismissing his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1983, Johnson pleaded guilty to charges of murder, robbery, burglary, wanton endangerment, and being a persistent felony offender (PFO) under Kentucky law. As a result of his PFO conviction, the 20-year prison sentence for his murder conviction was enhanced to life in prison, the 10-year prison sentences for the burglary and robbery convictions were each enhanced to twenty years in prison, and the 5-year sentence for the wanton endangerment conviction was enhanced to ten years in prison.
 
 
 4
 Johnson did not appeal his convictions or sentences. In 1990, Johnson filed a motion for relief pursuant to Kentucky Rule of Criminal Procedure 11.42 and Kentucky Criminal Rules 60.02 and 60.03. The state trial court denied Johnson's motions, the state appellate court affirmed that decision, and the Kentucky Supreme Court denied discretionary review.
 
 
 5
 Johnson filed this federal habeas petition, on the following grounds: (1) two Kentucky Supreme Court decisions, issued seven years after Johnson was sentenced, made it unlawful for Johnson's capital murder sentence to be enhanced under Kentucky's PFO statute; and (2) the Kentucky state courts denied him due process and equal protection under the law when they did not correct his sentence after the above case law was issued. A magistrate judge recommended that the petition for a writ of habeas corpus should be granted. The district court adopted the report, in part, and rejected it in part, dismissing the petition with prejudice. On appeal, Johnson reiterates the grounds presented to the district court in support of his petition, and has added two arguments, specifically, that his guilty plea was not knowingly and voluntarily entered under Boykin v. Alabama, 395 U.S. 238 (1969), and that his trial counsel was ineffective when he failed to object to the enhanced murder sentence.
 
 
 6
 Johnson's petition for habeas relief must be denied, because he has failed to show that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Johnson did not present to the district court his arguments that he was denied effective assistance of counsel under the Sixth Amendment and that his plea of guilty was not entered voluntarily and intelligently, under Boykin, 395 U.S. at 242-44. Therefore, these arguments need not be considered by this court on appeal. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994); Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 This court concludes that the district court's decision dismissing the petition should be affirmed, but for reasons other than those stated by the district court. City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). The issues that Johnson raises in support of his petition, concerning the state courts' interpretation of the state's own criminal laws, are not cognizable in this federal habeas corpus proceeding. Spalla v. Foltz, 788 F.2d 400, 405 (6th Cir.), cert. denied, 479 U.S. 935 (1986). State courts interpret state criminal statutes, and their interpretations are binding on the federal courts. Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Nothing in this case rises to the level of a due process or equal protection violation. The Federal Constitution does not require a state to make a change of law retroactive. See Bowen v. Foltz, 763 F.2d 191, 192-93 (6th Cir.1985).
 
 
 8
 Accordingly, Johnson's motion for counsel is denied and the district court's order dismissing the petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation