94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie NELSON, Petitioner-Appellant,
v.
Michael J. O'DEA, Warden, Eastern Kentucky Correctional
Complex, Respondent-Appellee.
 No. 95-6340.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Eddie Nelson, proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December of 1986, a Kentucky jury found Nelson guilty of riot in the first degree, first degree criminal mischief, arson in the second degree, and of being a persistent felony offender (PFO) in the first degree. As a result of the PFO offense, Nelson's sentence was enhanced to life in prison. The Kentucky courts affirmed his conviction and sentence on appeal. The state courts also denied a subsequent motion Nelson filed pursuant to Ky.R.Crim.P. 11.42.
 
 
 3
 Nelson filed this federal habeas petition raising the following grounds in support: 1) he was subjected to double jeopardy when he was found guilty of first degree rioting on the basis that he had also committed first degree arson and first degree criminal mischief; 2) he was denied "fair and proper sentencing" when the jury did not fix a sentence for the offense underlying his PFO conviction; 3) he was denied effective assistance of counsel at trial; and 4) he was denied effective assistance of counsel at the hearing on his Rule 11.42 motion. A magistrate judge considered these claims and determined that none of them had merit. The district court adopted this report and dismissed the petition. On appeal, Nelson raises these same grounds and has added several arguments that he did not present to the district court. This court will not address the new arguments being presented to the federal courts for the first time, on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 4
 The district court properly dismissed the petition, because Nelson has not shown that he was denied a fundamentally fair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Nelson was convicted of offenses under three Kentucky statutes, each of which required proof of facts not required by the other two. See Ky.Rev.Stat.Ann. §§ 512.020, 513.030 and 525.020 (Baldwin 1995). Thus, Nelson was not subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause. Illinois v. Vitale, 447 U.S. 410, 416 (1980); Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 5
 Nelson was not denied due process when the state court sentenced him as a first degree PFO. The resolution of this issue requires looking to a state supreme court's interpretation of its own criminal law, and, in particular, its rules of practice and procedure regarding the implementation of its criminal system. Such interpretations by state courts of their own criminal statutes are binding on the federal courts. Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Moreover, it is not the province of a federal habeas court to reexamine state court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). Thus, Nelson's claim is not cognizable in this federal habeas proceeding. Spalla v. Foltz, 788 F.2d 400, 405 (6th Cir.), cert. denied, 479 U.S. 935 (1986).
 
 
 6
 There is no merit to Nelson's claim that he was denied effective assistance of counsel at trial. Nelson's several unsubstantiated allegations of attorney error fall short of meeting the test for establishing ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668 (1984). There is no merit to Nelson's claim that he was denied effective assistance of counsel during his Rule 11.42 evidentiary hearing, because he has no underlying constitutional right to appointed counsel in a state post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).
 
 
 7
 Accordingly, the district court's order dismissing Nelson's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.